Hilty v. Gilbert ....................... 19348
Pope v. Gilbert ....................... 19350
State ex v. Locher ................... 19347
State ex v. Tracy ................... 19349
State ex v. Perry Dist. (Bd. Ed.)...... 19351
State ex v. Nellie Vil. Dis. (Bd. Ed.)... 19352
State ex v. Weston Dist. (Bd. Ed.).... 19353
State ex v. Wabash Spec. Dist. (Bd. Ed.) 19354

### SEPTEMBER 9, 1925

19347—State of Ohio ex rel Nettie M. Spring v. Cyrus Locher, as Director of the Department of Commerce et al; action in mandamus. Geddes, Schmettau, Williams, Eversman & Morgan, Toledo, for pltf; for deft., not given.

19348—Almina Hilty v. Herschel Gilbert et al; motion for Putnam Appeals to certify. R. S. Steiner, Lima, for pltf; John W. Winn, Defiance; J. P. Leasure, B. A. Unverferth, Ottawa; J. K. Rocky, Lima, for deft.

19349—State of Ohio ex rel Harry R. Cook et al v. Joseph T. Tracy, Auditor of the State of Ohio; action in mandamus. J. A. White, Columbus; C. J. Crossland, Zanesville, for pltf; C. C. Crabbe, Columbus, for deft.

### SEPTEMBER 10, 1925

19350—Jasper Pope, Admr., v. Hershel Gilbert et al; motion for Putnam Appeals to certify. J. K. Rocky, Lima, for pltf; R. S. Steiner, Lima; John W. Winn, Defiance; J. P. Leasure, B. A. Unverferth, Ottawa, for deft.

### SEPTEMBER 11, 1925

19351—State of Ohio ex rel Retirement Board v. Board of Education of Perry Rural School, District, Ashland County, Ohio, et al; action in mandamus. C. C. Crabbe, W. E. Benoy, C. S. Best, Columbus, for pltf.

19352—State of Ohio ex rel Retirement Board v. Board of Education of Nellie Village School District, Coshocton County, Ohio, et al; action in mandamus. C. C. Crabbe, W. E. Benoy, C. S. Best, Columbus, O., for pltf.

19353—State ex rel Retirement Board v. Board of Education of New Weston School District, Darke County; action in mandamus. C. C. Crabbe, W. E. Benoy, C. S. Best, Columbus, O., for pltf.

19354—State ex rel Retirement Board v. Board of Education of Wabash Special No. 4 School District, Darke ounty; action in mandamus. C. C. Crabbe, W. E. Benoy, C. S. Best, Columbus, O., for pltf.

## Weekly Abstract of PENDING CASES

### No. 802
### INDUSTRIAL COMM. v. CONLEY
#### No. 19272. Supreme Court

On motion to certify. Dock. July 15, 1925; 3 Abs. 466.

**452. EMPLOYER & EMPLOYEE—Does fact that person gives entire time and attention to company create the relation of?**

Fred Conley was engaged by the Linde Air Products to do trucking for them, he being the owner of several trucks. Conley appeared at the plant about 7:30 A. M. nearly every day with two of his trucks for hauling purposes. In March, 1923, one of Conley's drivers and Conley were returning from a trip to Canton when the truck Conley was driving became disabled and was hitched to the other truck. While crossing a railroad crossing the truck in which Conley was in (the rear truck), was struck by a freight train, by reason of which he died.

This action arose out of a claim for Workmens' Compensation made by Clara Conley against the Industrial Commission. The court in the Cuyahoga Common Pleas entered a judgment for $5000 in favor of Clara Conley. Error was prosecuted and the Court of Appeals affirmed the judgment of the lower court.

In the Supreme Court it is contended that the Workmen's Compensation Law does not apply where the injured person is an independent contractor; and the relation of employer and employee does not exist. It is claimed that where the employer directs as to the result of the work and not the means or method of obtaining the result, the relation is that of independent contractor; while if the employer has control of the method and means as well as the result, the relation is that of employee.

It is urged by the Commission that Conley was under the control of the Company as to deliveries he was to make and pick up empties for them and bring them back to the Company's plant. The evidence, it is claimed, shows that Conley could have employed whom he wanted to drive his trucks; that if any driver did not perform his duty the Air Products Co. had no authority to discharge such driver, such driver being under the authority of Conley alone.

"When the doing of specific work is intrusted to one who exercises an independent employment, and selects his own help and has immediate control of them, and the right to control the method of conducting the work, the contractor is an independent contractor."

It is argued the fact that the Air Products Co. required most of Conley's time, does not make him an employee.

Attorneys—Edward C. Stanton and Guy R. Wheeler for Commission; Lamb, Vaughn & Lamb for Conley; all of Cleveland.